UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLE AUSTIN,
           Petitioner,

v.                                            Case No. 06-15008
                                           Honorable Patrick J. Duggan

CLARICE STOVALL,
           Respondent.
_____/

## OPINION AND ORDER DENYING HABEAS CORPUS PETITION

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on January 31, 2008.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                       UNITED STATES DISTRICT COURT JUDGE

Nicole Austin ("Petitioner") has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. In her petition, Petitioner challenges her sentence for second-degree murder. In an answer to the habeas petition, Clarice Stovall ("Respondent") argues through counsel that Petitioner's claim is not cognizable on habeas review. The Court agrees with Respondent. Accordingly, the habeas petition will be denied.

**I.    Background**

Petitioner was charged in Genesee County, Michigan with the first-degree murder of her eleven-month-old son. On May 29, 2003, Petitioner pleaded no contest to second-degree murder, MICH. COMP. LAWS § 750.317. The trial court sentenced Petitioner to imprisonment for eighteen to thirty years. Petitioner appealed her sentence, but the

Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. *See People v. Austin*, No. 256379 (Mich. Ct. App. Aug. 19, 2004). On February 28, 2005, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issue. *See People v. Austin*, 472 Mich. 868, 692 N.W.2d 840 (2005)(table).

Petitioner filed her habeas corpus petition on November 7, 2006. She seeks relief on the following grounds:

> The trial court erred where it scored 50 points for offense variable 7 - aggravated physical abuse. The trial court also erred where it scored 10 points for offense variable 10 - exploitation of a vulnerable victim. These errors in scoring caused a significant increase in the applicable sentencing guideline range. Defendant - Appellant is entitled to a resentencing.
>
> > A. The trial court erred where it score 50 points for aggravated physical abuse. There was no evidence that Ms. Austin inflicted aggravated physical abuse, or more specifically, "excessive brutality." This variable should have been scored at zero points.
> >
> > B. The trial court erred where it scored 10 points for exploitation of a vulnerable victim. Although the victim was "vulnerable," there is nothing in this case to suggest "exploitation." This variable should have been scored at zero points.

**II.   Standard of Review**

2

Petitioner is entitled to the writ of habeas corpus only if she can show that the state court's adjudication of her claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

"[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id*. at 410 (emphasis in original). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409.

**III. Discussion**

Petitioner is challenging the trial court's scoring of state sentencing guidelines. She claims that she should not have been scored any points for Offense Variable 7, which measures aggravated physical abuse, and Offense Variable 10, which measures exploitation of a vulnerable victim. According to Petitioner, there was no evidence that she exploited the victim or inflicted excessive brutality on him.

Even if the trial court incorrectly scored the sentencing guidelines, questions of state sentencing law, including the proper interpretation of state sentencing guidelines, are not cognizable on federal habeas corpus review. *See, e.g., Miller v. Vasquez,* 868 F.2d 1116, 1118-19 (9th Cir. 1989); *Whitfield v. Martin*, 157 F. Supp. 2d 758, 762 (E.D. Mich. 2001)(Tarnow, J.). As succinctly explained by the Sixth Circuit:

> A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only. *Travis v. Lockhart,* 925 F.2d 1095, 1097 (8th Cir.1991); *Branan v. Booth,* 861 F.2d 1507, 1508 (11th Cir.1988). "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire,* 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991)(quoting *Lewis v. Jeffers,* 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990)).

*Howard v. White*, 76 Fed. Appx. 52, 53, 2003 WL 22146139, at **2 (6th Cir. Sept. 16, 2003)(unpublished). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire,* 502 U.S. 62, 68, 112 S. Ct. 475, 480 (1991)(citing 28 U.S.C. § 2241 and *Rose v. Hodges*, 423 U.S. 19, 21, 96 S. Ct. 175, 21-22 (1975) (per curiam)). Because

4

Petitioner has not demonstrated that she is in custody in violation of federal constitutional law, she has no right to federal habeas relief.

## IV. Conclusion

For the reasons set forth above, this Court holds that the state appellate court's conclusion that Petitioner's claims lacked merit did not amount to an unreasonable determination of the facts and did not result in a decision that was contrary to, or an unreasonable application of, Supreme Court precedent.

Accordingly,

**IT IS ORDERED** that Petitioner's application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

                                                    s/PATRICK J. DUGGAN
                                                    UNITED STATES DISTRICT JUDGE

Copies to:
Nicole Austin, #459945
Huron Valley Complex – Women
3511 Bemis Road
Ypsilanti, MI 48197

William C. Campbell, A.A.G.